**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO RICARDO ROMERO,

Defendant - Appellant.

No. 97-2345
(D. Ct. No. CR-97-57-JC)
(D. N. M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

Defendant Francisco Romero appeals the district court's denial of his motion to suppress cocaine seized from him following his arrest at a border patrol checkpoint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

On January 13, 1997, United States Border Patrol Agent Enrique Davila was working at the border patrol checkpoint on Interstate 25, north of Las Cruces, New Mexico. Defendant Romero approached the primary inspection area in a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1995 Mitsubishi Mirage. Upon questioning Romero, Agent Davila became suspicious and asked for permission to use a dog to inspect Romero's vehicle. Romero consented, and the agent directed Romero out of the car and into the secondary inspection area. The dog alerted, indicating the presence of a controlled substance. After the dog alerted, Agent Davila escorted Romero into the checkpoint trailer and read Romero his *Miranda* rights. Agent Kevin Thatcher took custody of Romero while Agent Davila and a third agent searched Romero's vehicle. When they searched the car, they found a trace amount of marijuana. The agents went inside the trailer and informed Agent Thatcher of the marijuana. They then searched Romero's person, revealing cocaine.

On appeal, Romero asserts that his arrest was illegal, though he concedes that the agents' search of his vehicle was legal. He contends that at the point that Agent Davila escorted him into the checkpoint trailer and read him his *Miranda* rights, the agents did not yet have probable cause to arrest him because they had not yet searched his car and found the marijuana. He argues that after the dog alerted, but before the agents searched the vehicle, there was probable cause to search the car but not probable cause to arrest Romero. Consequently, he argues, the cocaine subsequently seized from his person must be suppressed because it resulted from the illegal arrest, in violation of the Fourth Amendment.

In reviewing a district court's denial of a motion to suppress, we accept the

court's factual findings unless they are clearly erroneous, and we consider the evidence in the light most favorable to the government. See United States v. Glover, 104 F.3d 1570, 1576 (10th Cir. 1997). The ultimate question of whether a search and seizure was reasonable under the Fourth Amendment is a question of law that we review *de novo*. See id. It is well established in this circuit that a drug sniffing dog's detection of contraband itself establishes probable cause enough for an arrest. See United States v. Williams, 726 F.2d 661, 663 (10th Cir. 1984). The defendant asserts that the above-quoted rule from Williams is dicta and was not necessary to that decision because the panel later noted that the defendant's fitting a drug courier profile, "along with the alert by the dog, sufficed to justify . . . the arrest," suggesting that both facts were necessary to establish probable cause. Id. at 664. We disagree. The Williams panel's articulation of the rule that the alert of a drug-sniffing dog is sufficient to establish probable cause to arrest could not be more clear or precise. A dog alert alone establishes probable cause to arrest. Here, the dog's alert to Romero's vehicle gave the agents probable cause to place Romero under arrest.

Consequently, their subsequent search of his person was a valid search incident to arrest.  See Lavicky v. Burnett, 758 F.2d 468, 474 (10th Cir. 1985).  The seizure of the cocaine was legal.

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge